```
UNITED STATES DISTRICT COURT                                    FILED
EASTERN DISTRICT OF NEW YORK                                    CLERK
---------------------------------------------------------X
JOSEPH BREWER on behalf of                              1/30/2020 3:31 pm
himself and all others similarly situated,
                                                        U.S. DISTRICT COURT
                    Plaintiff,                         EASTERN DISTRICT OF NEW YORK
                                                           LONG ISLAND OFFICE
       -against-                                ORDER
                                                19-CV-5004 (JMA) (AKT)
ALLTRAN FINANCIAL, LP,

                    Defendant.
---------------------------------------------------------X
```

**AZRACK, United States District Judge:**

On April 5, 2019, plaintiff initiated a civil action against the defendant in the Supreme Court of the State of New York, County of Suffolk, by filing a Summons with Notice. Plaintiff served the Summons with Notice on defendant on August 2, 2019. (ECF No. 1.) Defendant responded by filing a Demand for Complaint and then removed the action to Federal Court. (Id.)

A complaint was never filed in Federal Court (nor was one filed in State Court) and there has been no activity on the docket since the case was removed in September 2019. Accordingly, on January 14, 2020, the Court issued an Order directing plaintiff to "file, and serve defendant with, a Complaint that complies with the Federal Rules of Civil Procedure on or before January 28, 2020." (Electronic Order, 1/14/2020.) Plaintiff was warned that failure to file a complaint or to otherwise respond to the Order may result in dismissal of the case for failure to prosecute. (Id.)

To date, plaintiff has not responded to the Court's Order, filed a complaint in this action, or otherwise communicated with the Court.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second

Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

This case was removed in September 2019 and to date, Plaintiff has failed to file a complaint, respond to this Court's Orders, or otherwise do anything to prosecute this action. The Court warned plaintiff that failure to respond to the January 14, 2020 Order could result in the dismissal of the case. The Court has considered the relevant factors here and concludes that plaintiff's failure to comply with this Court's Order to file a complaint, or otherwise communicate with the Court, warrants dismissal.[1] Accordingly, this case is dismissed for failure to prosecute and noncompliance, and the Clerk of Court is directed close this case.

**SO ORDERED.**

Dated: January 30, 2020
Central Islip, New York

                                                  /s/ (JMA)
                                          JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE

---

[1] Furthermore, plaintiff's counsel has recently engaged in a pattern of abandoning his cases. Indeed, over the past several weeks, the Court has had to dismiss eight cases brought by plaintiff's counsel for failure to prosecute. (See Dockets 17-cv-2454, 18-cv-7254, 19-cv-2778, 19-cv-3771, 19-cv-3891, 19-cv-4325, 19-cv-4448, 19-cv-4562.) In every one of these cases, the plaintiff was warned that failure to respond to a Court Order may result in dismissal of the case for failure to prosecute. Plaintiff's counsel failed to respond to a single one of this Court's orders in the aforementioned cases. The conduct by plaintiff's counsel in ignoring numerous Court Orders and failing to prosecute his cases brought before this Court further supports dismissing this action for failure to prosecute and noncompliance.